Patrick O. OJO, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

FARMERS GROUP, INC.; Fire Underwriters Association; Fire Insurance Exchange; Farmers Underwriters Association; Farmers Insurance Exchange, Defendants–Appellees.

No. 06–55522.

United States Court of Appeals, Ninth Circuit.

April 9, 2010.

As Amended April 30, 2010.

Sanford Svetcov, Susan K. Alexander, Maria V. Morris, Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA; Andrew S. Friedman, Wendy J. Harrison, Gustave A. Hanson, Bonnett Fairb-

ourn Friedman & Balint, P.C., Phoenix, AZ, for the plaintiffs-appellants.

Harriet S. Posner, Whitney Walters, Carl Alan Roth, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, CA, for the defendants-appellees.

Linda F. Thome, Civil Rights Division, United States Department of Justice, Washington, D.C., for amicus curiae the United States.

D. Scott Chang, Stephen M. Dane, John P. Relman, Relman & Dane PLLC, Washington, D.C.; Joseph D. Rich, Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for amici curiae National Fair Housing Alliance, Lawyers' Committee for Civil Rights Under Law, Greater Houston Fair Housing Center, Austin Tenants' Council, and Fair Housing Council of Greater San Antonio.

Before ALEX KOZINSKI, Chief Judge, PAMELA ANN RYMER, MICHAEL DALY HAWKINS, SUSAN P. GRABER, M. MARGARET McKEOWN, WILLIAM A. FLETCHER, RONALD M. GOULD, RICHARD R. CLIFTON, MILAN D. SMITH, JR., SANDRA S. IKUTA and N. RANDY SMITH, Circuit Judges.

## ORDER

The per curiam opinion filed on April 9, 2010, and the order certifying a question to the Supreme Court of Texas, filed on April 9, 2010, are AMENDED as follows.

The caption states:

Patrick O. OJO, Attorney, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

The word "Attorney" and the following comma is deleted so that the revised caption states:

Patrick O. OJO, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

**It is so ORDERED.**

## ORDER

PER CURIAM:

We respectfully certify to the Supreme Court of Texas the question of law set forth in this order, pursuant to Texas Rule of Appellate Procedure 58. The question of law is determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Supreme Court of Texas.

### I

We summarize the material facts: Patrick O. Ojo is an African–American resident of Texas and the owner of a homeowner's property-and-casualty policy issued by Farmers Group, Inc. ("Farmers"), a Nevada Corporation that maintains its headquarters in Los Angeles, California. In January 2004, Farmers increased Ojo's homeowner's insurance premium by nine percent even though he had made no prior claims on the policy. Farmers allegedly told Ojo that the increase was due to unfavorable credit information obtained through the company's automated credit-scoring system.

Ojo sued Farmers and its affiliates, subsidiaries, and reinsurers (collectively "Defendants") in federal court on behalf of himself and other minorities who received less favorable pricing from Farmers due to their credit-scoring system. He claims that Defendants, acting in concert, use a number of "undisclosed factors" in their credit-scoring system that disparately impact minorities, in violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619. Ojo does not claim that Defendants intentionally discriminated against any members of the putative plaintiff class.

Defendants moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court did not reach the question whether Ojo's complaint sufficiently stated a claim of disparate-impact discrimination under

the pleading standards of Rule 12(b)(6), because it concluded that the Texas Insurance Code preempted Ojo's FHA claims under the reverse-preemption standard set forth in the McCarran–Ferguson Act ("MFA"), 15 U.S.C. § 1012. Ojo appealed, and a divided three-judge panel of our court initially reversed the district court, holding that Texas law does not reverse-preempt Ojo's FHA claim. *Ojo v. Farmers Group, Inc.*, 565 F.3d 1175 (9th Cir. 2009). We ordered the case reheard en banc pursuant to Ninth Circuit Rule 35–3, and it is now pending before us.

## II

We next identify the issue that is the basis for our certification order: Ojo claims that in using credit score factors that have a racially disparate impact to price homeowner's insurance, Farmers violated the FHA.[1]

■ It is unlawful under the FHA "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." 42 U.S.C. § 3604(b). This provision has been interpreted to prohibit not just intentional discrimination but also actions that have a discriminatory effect based on race (disparate-impact discrimination). *See Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745–46 (9th Cir.1996). Where a plaintiff raises a prima facie case of disparate-impact discrimination under the FHA, the burden shifts to the defendant to either rebut the facts underpinning the prima facie case or to demonstrate a "legally sufficient, nondiscriminatory reason" for the practices causing the disparate impact. *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1194–95 (9th Cir. 2006) (internal quotation marks omitted).[2]

■ Ojo's FHA claim, however, may be "reverse-preempted" by Texas law under the McCarran–Ferguson Act. The MFA states the following:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance....

15 U.S.C. § 1012(b). Under the MFA, state law preempts a federal statute if (1) the federal law does not specifically relate to insurance; (2) the state law is enacted for the purpose of regulating insurance; and (3) the application of federal law to the case might invalidate, impair, or supersede the state law. *Humana Inc. v. Forsyth*, 525 U.S. 299, 307, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999). Here, it is undisputed that the FHA does not specifically relate to insurance and that the relevant provisions of Texas law, including Texas Insurance Code sections 544 et seq. and 559 et seq., are enacted for the purpose of insurance regulation.[3]

1. In an opinion accompanying this order, we hold that the FHA prohibits discrimination in the provision of homeowner's insurance.

2. An unsettled question of law in this circuit is whether, if the defendant states a legitimate reason for the practice, the burden then shifts back to the plaintiff to demonstrate alternative practices that would have a less discriminatory effect. *See Affordable Hous.*, 433 F.3d at 1196; *see also Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 998, 108 S.Ct. 2777,

101 L.Ed.2d 827 (1988) (discussing burden-shifting in disparate-impact claims in the Title VII context); *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir.1997) ("We apply Title VII discrimination analysis in examining Fair Housing Act ... discrimination claims.").

3. In our opinion accompanying this order, we hold that the MFA is capable of reverse-preempting the FHA.

The dispositive question therefore is whether application of the FHA to Ojo's case might invalidate, impair, or supersede the provisions of the Texas Insurance Code that authorize insurance companies to use credit scoring in setting insurance rates. If Texas law permits insurance companies to use credit scores even if the factors used to compute scores may have a racially disparate impact that could violate the FHA, then allowing Ojo to sue Defendants under the FHA for this practice would impair Texas law. On the other hand, if Texas law prohibits the use of credit-score factors that could violate the FHA on the basis of a disparate-impact theory, then the FHA would complement—rather than displace and impair— Texas law, and Ojo's FHA disparate-impact suit would not be reverse-preempted by the MFA. *See id.* at 310–14, 119 S.Ct. 710. The outcome of this appeal turns on the extent to which Texas law permits insurance companies to use credit-score factors that may have a racially disparate impact that would constitute an FHA violation.

Texas Insurance Code section 544.002(a)(1) provides that a person may not "charge an individual a rate that is different from the rate charged to other individuals for the same coverage because of the individual's .... race, color, religion, or national origin." However, section 544.003(c) specifies that an insurer does not violate section 544.002 if "the refusal, limitation, or charge is required or authorized by law or a regulatory mandate." And in 2003, Texas enacted an insurance law that states that "[a]n insurer may use credit scoring, except for factors that constitute unfair discrimination, to develop rates," while at the same time declaring that "[a]n insurer may not ... use a credit score that is computed using factors that constitute unfair discrimination." Tex. Ins. Code §§ 559.051, 559.052. Texas Insurance Code section 560.002(c)(3) explains that a rate is unfairly discriminatory if the rate "(A) is not based on sound actuarial principles; (B) does not bear a reasonable relationship to the expected loss and expense experience among risks; or (C) is based wholly or partly on the race, creed, color, ethnicity, or national origin of the policyholder or an insured."

■ Under Texas law, therefore, Defendants may use credit scores to price homeowner's insurance, so long as the credit score is not computed using factors that constitute "unfair discrimination," which means that the rate cannot be based wholly or partly on race. Whether these Texas insurance law provisions authorize Defendants to use credit score factors that have a racially disparate impact is unclear to us, and we have found no controlling Texas appellate decision that would give us the answer to our question about Texas law.

■ No Texas appellate case, to our knowledge, has decided whether Texas law authorizes an insurance company to use credit-score factors that have a racially disparate impact in violation of federal law. Because this question of law is unsettled, and because the issue's resolution will have pervasive implications for future claims brought against Texas insurers, we have concluded that the appropriate course of action is to certify this difficult issue to the Supreme Court of Texas.

### Order

In light of our foregoing discussion, and because the answer to this question is a "determinative question[ ] of Texas law having no controlling Supreme Court precedent," Tex.R.App. P. 58.1, we respectfully certify to the Supreme Court of Texas the following question:

> Does Texas law permit an insurance company to price insurance by using a credit-score factor that has a racially

 

disparate impact that, were it not for the MFA, would violate the federal Fair Housing Act, 42 U.S.C. §§ 3601–19, absent a legally sufficient nondiscriminatory reason, or would using such a credit-score factor violate Texas Insurance Code sections 544.002(a), 559.051, 559.052, or some other provision of Texas law?

We do not intend our framing of this question to restrict the Supreme Court of Texas's consideration of any issues that it determines are relevant. If the Supreme Court of Texas decides to consider the certified question, it may in its discretion reformulate the question. We agree to abide by the Supreme Court of Texas's decision in issuing our subsequent opinion in *Ojo v. Farmers Group, Inc.*

The Clerk of our court is hereby directed to file in the Supreme Court of Texas, under official seal of the Ninth Circuit Court of Appeals, copies of all relevant briefs and an original and ten copies of this request with certificate of service on the parties. The Clerk shall also send, pursuant to Texas Rule of Appellate Procedure 58.3, a list of the names of all parties in the case, giving the address and telephone number, if known, of any party not represented by counsel, and a list of names, addresses, and telephone numbers of counsel for each party.

All further proceedings in our court are stayed pending the Supreme Court of Texas's decision whether it will accept review and, if so, our receipt of the answer to the certified question. We retain jurisdiction over further proceedings in our court. We will resume control and jurisdiction on the certified question upon receiving an answer to the certified question or upon the Supreme Court of Texas's decision to decline to answer the certified question. The parties shall notify the Clerk of our court within one week after the Supreme Court of Texas accepts or rejects the certification and, if the certification is accepted, again within one week after the Supreme Court of Texas renders its opinion.

**IT IS SO ORDERED.**